# Richmond.

## WILSON v. COMMONWEALTH.

### MARCH 13th, 1890.

1. CRIMINAL PROCEEDINGS—*Remedial laws*—Remedial laws in force at time indictment found, must prevail, though when offense committed different modes of procedure were required. *Miller Jones' case, ante*, p. 661.
2. IDEM—*Summoning venire*—By the law in force before May 1, 1888, the county court alone was empowered to issue the *venire facias*, though the indictment was to be tried in the circuit court. By sec. 4020, Code 1887, any court wherein a person accused of felony is to be tried, may cause a *venire facias* to issue for his trial, and that section is the law of the case, no matter when the offense was committed.

Error to judgment of circuit court of Henry county, rendered October 19, 1889, whereby Thomas Wilson, the plaintiff in error, was sentenced, in accordance with the verdict of the jury, to be hanged by the neck until dead, for the murder, in the first degree, of James Davis. Opinion states the case.

*Anderson & Staples*, for the plaintiff in error.

*Attorney-General R. Taylor Scott*, for the commonwealth.

LACY, J., delivered the opinion of the court.

The plaintiff in error was indicted for murder in the county court of Henry county, at the November term, 1887, for an alledged murder committed on the 15th day of October, 1887, and at the December term of the said court he elected to be tried in the circuit court of the said county; was tried in the circuit court May 28, 1888, when the indictment was quashed. He was rearrested, and again indicted in the county court at

the June term, 1888. He again elected to be tried in the circuit court of the said county, where he was tried and convicted of murder in the first degree on the 21st of May, 1889. He was then, on his motion, granted a new trial. He was again tried at the October term of the circuit court, 1889, and again convicted of murder in the first degree, and judgment rendered accordingly, and he was sentenced to be hung on the 29th day of November, 1889. Exception was taken to the refusal of the court to quash the writ of *venire facias;* and upon writ of error to this court he excepts to this ruling of the trial court, upon the ground (1) that the *venire facias* should have been issued by the county court in the first instance, and not by the circuit court; and (2) upon the ground that the law which authorizes the circuit court to issue the writ had been enacted by the new Code, which went into effect May 1, 1888, subsequent to the commission of the alleged offense.

The first ground of error assigned is wholly untenable, as by section 4020 of the Code of Virginia it is provided that " any court in which a person accused of felony is to be tried, or the judge of such court in vacation, may at any time cause a writ of *venire facias* to issue for his trial;" and he was tried in the circuit court by his own selection, and the writ of *venire facias* was issued by that court in conformity with the law.

And the second ground of assignment, referring to the conformity of the proceedings with the new law in existence at the time of the trial, rather than that existing at the time the offense was alleged to have been committed, is equally untenable, for reasons fully set forth in the opinion of this court rendered at this term, and just read, in the case of *Jones* v. *Commonwealth, ante,* p. 661. The change in the law under which he was tried, did not affect any vested right of his, but related only to the form of the proceedings; and we are of opinion to affirm the judgment of the circuit court of Henry appealed from here.

JUDGMENT AFFIRMED.